## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL A. YOUNG, JR., | ) | CASE NO. 1:14 CV 2815 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| THOMAS REIN, ESQ., | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Darryl A. Young filed the above captioned action against his former defense attorney, Thomas Rein. In the Complaint, Plaintiff alleges that although Rein was appointed by the court to represent him in a criminal matter in the Cuyahoga County Court of Common Pleas, Rein refused to meet with him or speak with his about the case. He contends Rein was grossly negligent in his representation, and seeks monetary damages.

### Factual and Procedural Background

Plaintiff was arraigned on assault charges on September 4, 2014. Thomas Rein was appointed by the court to represent him. Plaintiff contends Rein refused to meet with him to discuss how Plaintiff wanted the case to proceed. He indicates he left numerous voice mail messages. He contends his family and friends left voice mail messages. He states none of them received a response. He contends he attempted to fire Rein, but received no response to this message.

Plaintiff indicates his first pretrial was held September 9, 2014. His mother, his aunt and his friend came to the court to express their concerns for Rein's inaccessibility. Plaintiff contends they

were told by the bailiff that they would not permitted to come into the courtroom unless Rein brought them in.  He contends Rein did not come to get them nor did he speak to them after the hearing.  Plaintiff and his family called Rein repeatedly after the hearing but got no response.

Plaintiff contends Rein came to visit him in jail on September 10, 2014.  Plaintiff asked if he had received the messages and he indicated that he had received a lot of messages.  He indicates that Rein began his interview by asking for Plaintiff's contact information.  Plaintiff states he was unable to answer the question because a corrections officer inadvertently cut of the phone line.  Plaintiff went to speak to the officer to have the phone turned back on, and when he returned, Rein indicated he was leaving because he did not have time for that sort of thing.  Rein exited the room.  Plaintiff attempted to stop him but he had already left the area.

Plaintiff contends he did not hear from Rein again until October 6, 2014.  The Cuyahoga County Court docket indicates Rein filed a Motion to Withdraw as counsel on October 6, 2014.  Attorney Michael P. Shaughnessy was appointed to represent Plaintiff in his place.  Plaintiff contends that although Rein did very little in the course of his appoint as his counsel, he was paid when he withdrew from the case.  Plaintiff contends Rein's representation of him was grossly negligent.  He seeks $ 500,000.00 in damages.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

-2-

194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**Discussion**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

-3-

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff asserts Rein acted with gross negligence in the course of providing legal representation. The only federal legal claim this Court can reasonably construe from that assertion is one arising under 42 U.S.C. § 1983. Plaintiff, however, cannot maintain an action under § 1983 against his private defense attorney. To establish a prima facie case under 42 U.S.C. § 1983, plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457

U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Public defenders and private defense attorneys appointed by the court are not state actors against whom claims can be asserted under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998).

Gross negligence and legal malpractice are civil tort causes of action arising under state law. If federal jurisdiction exists in this case, it must be based on diversity jurisdiction. To meet his burden of establishing federal jurisdiction based on diversity of citizenship, Plaintiff must: (1) state all parties' citizenships such that the existence of complete diversity can be confirmed; and (2) must establish that the damages for the claim, in good faith, exceed $ 75,000.00. 28 U.S.C. § 1332(a)(1); *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir.2000); *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). Plaintiff has not established the first criterion. The citizenship of a natural person is his domicile. *Von Dunser*, 915 F.2d at 1072. Plaintiff does not give any indication of the citizenship of the parties; however, it appears from the facts alleged that both Plaintiff and Defendant are citizens of Ohio. Plaintiff is bringing this action, and he therefore has the burden of establishing complete diversity of citizenship. He has not met this burden and federal jurisdiction cannot be based on diversity of citizenship.

Plaintiff failed to establish either federal question or diversity of citizenship jurisdiction. Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990). Because there is no apparent basis for federal court jurisdiction, this action must be dismissed.

-5-

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_Donald C. Nugent_

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated:  _June 9, 2015_

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-6-